## BROWN v. ENTERPRISE BRASS WORKS.
### No. 5750.

Circuit Court of Appeals, Sixth Circuit.
Nov. 13, 1931.

John C. Carpenter, of Chicago, Ill., for appellant.

A. C. Mabee, of Chicago, Ill. (Charles W. Hills and Charles W. Hills, Jr., both of Chicago, Ill., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

In order to adapt the well-known combination faucets to easy installation, whatever was the distance between the already located hot and cold water supply pipes, the appellant Brown (patent No. 1,181,370) furnished such combination faucets with swivel pipe attachments, already affixed thereto by common pipe unions, to make connection with the supply pipes. This was but supplying with the faucet the age-old means by which the journeyman plumber was accustomed to make the connection wherever necessity arose. That the swivel arrangement enabled the journeyman, within certain limitations, to use connections of a given fixed length at a variety of situations where the distance between supply pipes differed slightly, was merely the recognition of a mechanical principle long known and frequently applied. When installed and used, such connecting pipes performed no different function than would have been performed had the journeyman used on the job the familiar pipe fittings of his trade. This was not the invention of a new article of commerce; it was the development of such commerce by supplying the journeyman in a convenient way with the materials he might need under certain contingencies.

Convincing evidence of prior uses, so numerous as not to require detailed description, was also introduced. Appellant's only contention in opposition to this evidence was that in most of these cases the outer ends of the swivel connections were adapted to fit in the washbasin or bathtub only at a predetermined angle or position, and that such connections were therefore not adapted to use where the supply pipes were separated at other than the predetermined and previously designed distance. But in at least one instance, the fixture of the Milwaukee Brass Company, the use was not subject even to this distinction. All disclose devices so closely analogous to that of the patent in suit as to practically demonstrate that the appellant's concept was only one of an available and convenient use, possibly new, for an old combination. The claims, in which the manner of, or means for, attachment to the supply pipes is not made an element, read as completely upon the old fixtures, considered as unitary structures and in respect of the feature of adjustability, as upon the defendant's devices.

Upon both grounds the decree of the District Court dismissing the bill of complaint is affirmed.